**Anthony J. FLAHERTY,**

v.

**DAYTON ELECTRIC MANUFACTURING COMPANY.**

**Civ. A. No. 85–4636–K.**

United States District Court,
D. Massachusetts.

Feb. 28, 1986.

Stephen M. Ouellette, Joseph T. Papetti, Orlando & White, Gloucester, Mass., for plaintiff.

John Ryan, Jr., Parker, Coulter, Daley & White, Boston, Mass., for defendant.

MEMORANDUM AND ORDER
PURSUANT TO RULE 16(f),
F.R.CIV.P.

ROBERT B. COLLINGS, United States Magistrate.

On February 3, 1986, the Court mailed to counsel a NOTICE OF SCHEDULING CONFERENCE. In the Notice, counsel were directed to appear for a Scheduling Conference before the undersigned on February 18, 1986 at 9:00 A.M. ¶ 1 of the Notice read, in pertinent part:

At this conference, counsel shall be *fully prepared* to discuss any question regarding this case, including the pleadings, jurisdiction, venue, pending and future motions, joinder of additional parties, schedules for discovery and for trial and settlement.

Emphasis in original.

¶ 5 of the Notice read as follows:

5. Failure of counsel to appear at the scheduling conference or any subsequent pre-trial conference, *properly prepared* and *duly authorized* to accomplish the purposes thereof, may result in the assessment of the costs and the attorney's fees of the opposing parties or in dismissal or default, as may be appropriate, or may be deemed a binding declaration that the defaulting party does not intend to conduct discovery or to file any pre-trial motions.

Emphasis in original.

At the conference, plaintiff's counsel explained that "this is a products liability case involving a bench grinder manufactured by Dayton Electric" and briefly described what a bench grinder was. He stated that the plaintiff injured his hand because of the failure of a safety guard while operating the bench grinder at his place of employment but could not say whether or not the plaintiff received anything from his employer's workmen's compensation carrier. In fact, plaintiff's counsel was unable to identify the employer's workmen's compensation carrier.

The most which plaintiff's counsel was able to say about the injury was that it was a "hand injury" involving one or two fingers. He could not say whether or not the plaintiff lost the fingers or just injured them. He stated that he thought that the plaintiff had reached an end result as far as treatment was concerned and that he had returned to work at another job. Plaintiff's counsel was unable to state how much work was lost, i.e. the amount of lost wages claimed, or the amount of medicals which were claimed. Plaintiff's counsel was also unable to state whether he intended to sue W.W. Grainger, Inc., a corporation which was not named as a defendant in the caption of the Complaint but which is the only party against whom relief is sought in Count II. Counsel for the plaintiff was unable to state whether or not he had taken any steps to serve W.W. Grainger, Inc.

Rule 16(f), F.R.Civ.P., provides:

If a party or party's attorney fails to obey a scheduling or pretrial order, or if no appearance is made on behalf of a party at a scheduling or pretrial conference, or if a party or *party's attorney is substantially unprepared to participate in the conference,* if a party or party's representative fails to participate in good faith, the judge, upon motion or his own initiative, may make such orders with regard thereto as are just, and among others any of the orders provided in Rule 37(b)(2)(B), (C), (D) [F.R.Civ.P.]. In lieu of or in addition to any other sanctions, the judge *shall* require the party or the attorney representing him or both to pay the reasonable expenses incurred because of any noncompliance with this rule, including attorney's fees, unless the judge finds that the non-compliance was substantially justified or that other circumstances make an award of expenses unjust.

Emphasis supplied.

██ I rule that plaintiff's counsel was "substantially unprepared to participate in

the conference" on February 18, 1986 and that this substantial lack of preparation was not "substantially justified" and that there were no "other circumstances [which] make an award of expenses unjust."

I base this first on the fact that plaintiff's counsel was unable to answer rather basic questions about the pleadings in the case, i.e. whether he intended to sue the only defendant against whom relief was sought in Count II.

But, in addition, one of the primary purposes of the Scheduling Conference is to explore the possibilities of settlement early in the litigation, as the Notice of Scheduling Conference noted. It is impossible to discuss prospects of settlement in a case in which the plaintiff's counsel does not know whether the accident in which his client was injured resulted in the loss of two fingers or an injury to two fingers, what the amount of lost earnings are, what the medical bills are, and whether there is a workmen's compensation lien.

In these circumstances, it is, in my opinion, patently unfair to have the defendant incur costs and attorney's fees to prepare for and attend a conference at which little could be accomplished due to the fact that plaintiff's counsel was substantially unprepared.

Accordingly, I shall require that plaintiff's counsel personally pay counsel for the defendant the amount of costs, including attorney's fees, which were incurred by the defendant in preparing for and attending the February 18th conference. According to the affidavit of defendant's counsel, this amounted to one and one-tenth hours of attorney time at the rate of $100.00 per hour. I find that both the time spent and rate are reasonable.

Accordingly, pursuant to Rule 16(f), F.R. Civ.P., counsel for the plaintiff is ORDERED to pay *personally* the sum of one hundred ten dollars ($110.00) to counsel for the defendant *on or before the close of business on Monday, March 24, 1986.*